UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.:

CHARLES CASEY,

    Plaintiff,

v.

FASHION FISH, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHARLES CASEY ("Mr. Casey" or "Plaintiff"), by and through undersigned counsel, files this Amended Complaint against Defendant, FASHION FISH, INC. ("FFI" or "Defendant"), a Florida Profit Corporation, and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover from Defendant overtime compensation, an additional equal amount as liquidated damages, actual and compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Monroe County, Florida.

**PARTIES AND FLSA COVERAGE**

3. At all times material hereto, Plaintiff was a resident of Monroe County, Florida.

4. At all times material hereto, Defendant was, and continues to be, a Florida Profit

Corporation located in Marathon, Monroe County, Florida, and continues to be engaged in business in Monroe County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

6. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant, during all times relevant, was in excess of $500,000.00 *per annum* during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in the sale and provision of wholesale seafood in, among other places, Monroe County, Florida.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times material hereto, the work performed by Plaintiff was directly essential

to the business performed by Defendant, in that Defendant could not operate its business without Drivers such as Plaintiff.

## STATEMENT OF FACTS

15. Plaintiff worked as an hourly-paid Driver for Defendant from November, 2018, until his termination on March 10, 2020.

16. FFI wrongly designated Mr. Casey as an independent contractor, and continued to designate him as such until his aforementioned termination.

17. Throughout his time with FFI, FFI paid Mr. Casey at a straight time rate of $16.00 per hour that he worked, regardless of how many hours he worked in a given work week, even when his hours worked in a given work week exceeded forty (40).

18. FFI never paid Mr. Casey an overtime premium, no matter how many hours in excess of forty (40) he worked in a given work week.

19. Mr. Casey always worked in Monroe County, Florida, with the exception of occasional delivery trips outside of Monroe County, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

20. Mr. Casey had no authority to hire or fire employees of FFI.

21. Mr. Casey had no authority to discipline employees of FFI.

22. Mr. Casey had no authority to set rates of pay for other employees or agents of FFI.

23. Mr. Casey had no input into performance reviews of other employees or agents of FFI.

24. All of Mr. Casey's major decisions had to be cleared in advance by one of FFI's supervisors.

25. Mr. Casey was closely supervised by FFI's managers and supervisors at all times.

26. Mr. Casey followed procedures established by FFI and did exactly as he was instructed to do.

27. Mr. Casey's primary duties were to deliver wholesale seafood to FFI's customers.

28. Mr. Casey drove a truck owned by FFI throughout the day.

29. Mr. Casey did not have the right to control how to perform his job.

30. Mr. Casey did not have an opportunity for profit or loss depending on his skill.

31. Mr. Casey did not invest in equipment or material, or hire helpers.

32. Mr. Casey's work relationship with FFI featured a high degree of permanence.

33. Mr. Casey worked for no one else during his employment with FFI.

34. Mr. Casey's work for FFI constituted an essential part of FFI's business.

35. Throughout Plaintiff's employment, FFI regularly required Plaintiff to work in excess of forty (40) hours per week.

36. Plaintiff regularly worked an average of forty-five (45) hours per week for Defendant during his employment with Defendant.

37. When Plaintiff worked more than forty (40) hours in a given work week, Defendant failed to properly pay him for all overtime hours worked.

38. Defendant routinely paid Plaintiff only his straight time rate of $16.00 per hour for overtime hours that he worked during his employment.

39. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

40. Plaintiff performed non-exempt duties for Defendant and was therefore entitled to be compensated for overtime work.

41. Mr. Casey was not exempt from entitlement to overtime wages under the FLSA and should have been paid his full and proper overtime compensation.

42. On March 10, 2020, Mr. Casey objected to FFI's Owner, Allison Sayer, that FFI had unlawfully misclassified him as an independent contractor, and that FFI had failed to pay him properly for all of his overtime hours worked on behalf of FFI.

43. By objecting to Defendant's illegal pay practices in this regard, Plaintiff engaged in protected activity as defined by 29 U.S.C 215(a)(3) of the FLSA.

44. Later that same day, FFI, specifically Allison Sayer, informed Mr. Casey that FFI had decided to terminate his employment, effective immediately.

45. FFI terminated Plaintiff's employment for engaging in protected activity under the FLSA.

46. The proximity between the time Plaintiff complained about the illegal conduct at issue, and the time he was fired was less than one (1) day.  Therefore, there is a sufficient nexus of time between the protected activity and the termination.

47. Defendant's reason(s) for terminating Plaintiff were pretextual and not based upon any legitimate issue with his job performance.

48. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

49. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

50. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

51. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

52. Defendant violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

    (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

53. Plaintiff estimates his FLSA unpaid overtime damages to be as follows: taking an average of five (5) hours of overtime ("OT") hours per week for which he was paid his regular straight time rate of $16.00 per hour without an appropriate overtime premium, Plaintiff is owed 5 OT hours x $8.00 per OT hour, totaling $40.00 a week. Plaintiff estimates that approximately sixty-six (66) weeks remain in the operative FLSA, as Defendant's violations of the FLSA were willful. This being the case, Plaintiff is owed an approximate total of $40.00 x 66 = **$2,640.00** in unliquidated overtime damages, and **$5,280.00** including liquidated damages, plus attorneys' fees, costs, and damages under his claim for unlawful FLSA retaliation.

54. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

55. Prior to violating the FLSA, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

56. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

57. Based on the allegations in Paragraphs 53-55, above, Plaintiff is entitled to liquidated damages, as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

58. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

59. Plaintiff reincorporates and re-alleges paragraphs 1 through 58 of the Complaint as though fully set forth herein, and further alleges as follows:

60. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

61. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

62. Plaintiff was not an exempt employee as defined by the FLSA.

63. Plaintiff was not an independent contractor and was instead an employee of Defendant.

64. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay

Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

  a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

  b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

  c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

  d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

  e. Award Plaintiff pre-judgment interest; and

  f. Award Plaintiff any other and further relief that this Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

66. Plaintiff reincorporates and re-alleges Paragraphs 1 through 58 of the Complaint as though set forth fully herein, and further alleges as follows:

67. Plaintiff objected to Defendant's illegal pay practices, and asserted violations of the FLSA.

68. Later that very same day, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

69. In retaliation, Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA, and because of his other objections to Defendant's violations of the FLSA.

70. Mr. Casey's employment was terminated by FFI, specifically by Allison Sayer, effective March 10, 2020. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices, which he had directed specifically to Allison Sayer.

71. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

72. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

73. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendant for his actual and compensatory damages, including front pay and back pay and

9

emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 30th day of December, 2020.

Respectfully submitted,

**By: /s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
*Trial Counsel for Plaintiff*